UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EDWARD KENNETH WERDELL,

        Petitioner,

v.                                     Case No.  8:08-cv-1071-T-17TGW

SECRETARY, DEPARTMENT OF CORRECTIONS,

        Respondent.

_____

## **ORDER**

Petitioner, an inmate of the Florida penal system, initiated this action pro se by

filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1).

Having undertaken a prompt preliminary review of the petition in accord with Rule 4,

Rules Governing Section 2254 Cases in United States District Courts, the Court

concludes that the petition is subject to summary dismissal without service upon the

Respondents.

According to Petitioner's sworn statements, his state petition for writ of habeas

corpus remains pending.  (See page fourteen, ground seven of the petition).  It is well

settled that "federal district courts must dismiss 'mixed' habeas corpus petitions-those

containing both unexhausted and exhausted claims." *Pliler v. Ford,* 542 U.S. 225, 227 (2004) (citing *Rose v. Lundy*, 455 U.S. 509 (1982)). In recognition of the nature of comity between the national and state sovereignties in our federal system, this Court should give the state court an opportunity to rule on Petitioner's challenge to his judgment of conviction and sentence. Thus, this case will be dismissed without prejudice to allow Petitioner the opportunity to exhaust his state court remedies. See 28 U.S.C. § 2254(b)(1)(A).

Accordingly, the Court orders:

1. That Petitioner Werdell's petition is dismissed, without prejudice. The Clerk is directed to enter judgment against Werdell and to close this case.

2. To the extent that a ruling on a Certificate of Appealability is necessary, Werdell is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further, ' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot*

*v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on June 5, 2008.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Edward Kenneth Werdell